Marion V. Perry, et al. ⎫
vs. ⎬ Eq. No.
Emma Duke Legg, et al. ⎭

January 7, 1930.

BLODGETT, P. J. Bill in equity to remove cloud on title.

To this bill respondents have demurred upon three grounds:

1. That complainants have not stated a case.

2. That the bill does not show that complainants have any interest entitling them to relief.

3. That it appears by the bill that respondent, Emma Duke Legg, has an absolute title in the land.

The dispute arises out of the interpretation of the ninth clause of the will of Charles Duke. The ninth clause follows:

"All the rest, residue * * * I give, bequeath and devise to Thomas H. Clark, IN TRUST, nevertheless, for the purposes hereinafter declared:

It is *my wish that my daughter, Emma Duke Legg, shall occupy my Homestead Estate*, situated on the westerly side of New London Avenue, in Centreville, in said West Warwick, without charge for rent during the lifetime of my wife, Mary Josephine Duke, and that my daughter, Emma Duke Legg, shall devote her personal attention and care to my said wife; and that the said Trustee shall take the possession, care and management of the said trust property, collect the income thereof, and after the payment of taxes, insurance, repairs and other expenses incident to the proper care and management of said trust property and estate, shall appropriate and apply the residue of said income, or net income, or so much thereof as may be needed, to the suitable care, nursing, medical attention and support of my said wife, Mary Josephine Duke, during her life, and if my said daughter, Emma Duke Legg, shall care for my said wife in accordance with my desires, then, and in that case, to the maintenance and support of my said daughter, Emma Duke Legg, so long as my said wife shall live, and at any time the income of said trust estate shall be insufficient therefore, I do hereby authorize my said trustee to use so much of the principal of said trust property as shall be needed therefor.

*On the decease of my wife, my said trustee is directed* to assign, transfer and convey my said Homestead Estate in fee to my said daughter, Emma Duke Legg, and the rest of said trust property and estate remaining in his hands in equal shares to my three daughters, Emma Duke Legg, Marion V. Perry, Florence T. Spencer, whereupon said trust shall cease and be determined."

The record shows the will was executed August 18, 1921; that Charles Duke, testator, died January 19, 1924; that the will was duly probated and that Thomas H. Clarke qualified as trustee February 4, 1924.

March 19, 1926, said trustee delivered a deed of the homestead estate described in said will to Emma Duke Legg.

Upon the decease of the wife of testator the trustee was directed to convey the homestead to Emma Duke Legg.

Mary Josephine Duke, wife of testator, died March 2, 1922—this being before the death of testator.

The complainants maintain that clause 9 creates a condition precedent to the transfer by the trustee of said estate and cites in support *Shuman* vs. *Heldman*, 63 S. C. 474.

The Court is of the opinion, however, upon a careful consideration of this case, that it does not support such a ruling in the present case. Whether or not a condition precedent or a condition subsequent is created by the wording of a will depends upon the circumstances of each case. It is always a question of intention.

*Friday* vs. *King*, 3 Peters 346 (cited in above case).

The Court feels that examination of the clause in question discloses an intention on the part of testator to provide for the support of his daughter, Emma Duke Legg, during the lifetime of his wife if his said daughter should care for his said wife according to his desires. Since the wife died before the will went into effect, this condition became ineffective.

The second section of said clause clearly directs the trustee to transfer the homestead to Emma Duke Legg, the respondent, upon the decease of his wife.

A decree may be entered sustaining the demurrer.

For complainants: Charles B. Coppen, Emile H. Ruch.

For respondents: Charles W. Littlefield.